■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. HENLEY, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree robbery, defendant contends that the evidence was insufficient to establish the element of intent and that the verdict was against the weight of the evidence. We disagree.

The jury's determination that defendant shared his companions' intent to rob the victim was supported by sufficient evidence. The fact that the car slowly followed the victim around the corner onto a side street justifies the inference that defendant, the driver, was not on the scene by mere happenstance, but rather pursuant to a scheme to rob. Defendant's criminal intent may be inferred from the fact that he stopped the car to allow the robbers to get in, and waited at the scene while one of the robbers got out of the car and threatened the victim with a baseball bat. Further evidence of defendant's guilty state of mind is his false postarrest statement that he had been home all day.

Weighing "the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony", we conclude that the jury did not fail "to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495). The jury apparently concluded that the defense witnesses were lying about what they saw or whether they were on the scene. (Appeal from Judgment of Erie County Court, Drury, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.